STONE, Judge.
The appellant was convicted of first degree felony murder and burglary. The sole issue on appeal is whether it was error to exclude the testimony of a defense expert to the effect that Drew did not intend, when committing a burglary and homicide, to harm the victim, but merely to frighten her. The decedent was shot twice in the back of the head.
The trial court, in concluding that the proffered testimony was inadmissible as irrelevant to the issues in this case, questioned the reliability of the methods used by the witness who stated, essentially, that the defendant was being truthful regarding his intent when committing the acts in question.
The questioned testimony was not proffered on the issue of either an insanity or intoxication defense. Rather, it was offered to support the defense assertions of the defendant’s purpose in entering the victim’s home and firing the gun. The appellant asserts that the proffered testimony, was relevant to the defense argument that at worst this was murder in the second degree as the result of a depraved mind.
We have examined the record and note that the proffered testimony does not dispute the defendant’s ability to form an intent to commit any of the acts in question. To the contrary, the witness was of the opinion that the defendant was capable of forming an intent to frighten the victim by firing the gun.
We find no abuse of discretion or error and affirm the judgment and sentence. *564 See generally Chestnut v. State, 538 So.2d 820 (Fla.1989). See also Gurganus v. State, 451 So.2d 817 (Fla.1984). We have considered Fridovich v. State, 489 So.2d 143 (Fla. 4th DCA), rev. denied, 496 So.2d 142 (Fla.1986), but deem it inapplicable to this case.
DOWNEY and POLEN, JJ., concur.